O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| XEROX CORPORATION,<br><br>             Plaintiff,<br>    v.<br>HEALTH SOLUTIONS, INC.,<br><br>             Defendant. | Case No. 2:13-cv-02060-ODW(JEMx)<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE [10]** |

Following the Clerk's entry of default (ECF No. 8), Plaintiff Xerox Corporation moved for default judgment under Federal Rule of Civil Procedure 55(b)(1) (ECF No. 10). But Xerox seeks more than "a sum certain or a sum that can be made certain by computation"—it also seeks possession of the equipment subject to the lease agreements at issue. (Mot. 4.) Xerox's motion is therefore improper under Rule 55(b)(1).

And even if the Court simply construed Xerox's motion as having been brought under Rule 55(b)(2), the Court cannot reconcile Xerox's requested damages with the accelerated amounts due under the four lease agreements Xerox contends Health Solutions breached. Specifically, Xerox contends that $67,304.30 is due under the June 22, 2009 agreement; $67,304.30 is due under the August 25, 2009 agreement; $72,999.63 is due under the November 13, 2009 agreement; and $131,279.56 is due under the April 20, 2010 agreement. (Atkinson Decl. ¶¶ 14, 29, 44, 59.) These

accelerated amounts due total $391,944.06, yet Xerox seeks $510,094.06 in damages—without explaining how it derives the $118,150 difference. (Mot. 4.)

The Court therefore **DENIES** Xerox's motion **WITHOUT PREJUDICE**. Xerox may refile its motion no later than June 7, 2013; if it fails to do so, the Court will dismiss this action for lack of prosecution. Should Xerox decide to refile, it should review Local Rule 5-4.4.

**IT IS SO ORDERED.**

May 16, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**